ISHEE, J., for the Court.
 

 ¶ 1. On February 11, 1997, Larry Smith pleaded guilty to two charges of sexual battery of two minors under the age of fourteen. He was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections. After the Scott County Circuit Court denied and dismissed Smith’s motion for post-conviction relief, Smith filed this appeal.
 

 FACTS
 

 ¶ 2. Larry Smith pleaded guilty on February 11, 1997, to two counts of sexual battery for engaging in the sexual penetration of two male children, a four-year-old and a five-year-old. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections for each count, with the sentences to run consecutively. Not long after receiving his sentences, Smith filed a motion in the Scott County Circuit Court for the production of records and transcripts as well as a motion for appointment of counsel. He then filed a writ of mandamus in the circuit court, which was denied. On July 7, 2000, Smith filed a motion for post-conviction relief in the circuit court, which was also denied. He appealed the circuit court’s decision, and this Court affirmed the denial of Smith’s motion on January 15, 2002.
 
 Smith v. State,
 
 806 So.2d 1148 (Miss.Ct.App.2002). Next, Smith filed a federal writ of habeas corpus in the United
 
 *564
 
 States District Court for the Southern District of Mississippi, which was denied, as was the writ of certiorari that he filed with the United States Supreme Court.
 

 ¶ 3. Subsequently, Smith filed his second motion for post-conviction relief in the Scott County Circuit Court. The circuit court entered an order denying and dismissing the motion, finding it to be time-barred and barred as a successive writ. Smith appeals the circuit court’s judgment. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. When reviewing a denial of a motion for post-conviction relief, this Court will not reverse the circuit court’s factual findings unless they are found to be clearly erroneous.
 
 Andrews v. State,
 
 932 So.2d 61, 62(¶ 4) (Miss.Ct.App.2006). However, where questions of law are raised, the applicable standard of review is de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 5. The circuit court denied and dismissed Smith’s motion for post-conviction relief in accordance with Mississippi Code Annotated section 99-39-23(6) (Supp. 2008), which provides that “any order dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” The statute includes the following exceptions to the prohibition:
 

 a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death[;] ... those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence^] ... [and] [3] those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Miss.Code Ann. § 99-39-23(6). Because Smith had previously filed a motion for post-conviction relief and his second motion for post-conviction relief did not fit into any of the statute’s exceptions, the circuit court found that he was barred from filing a second motion.
 

 ¶ 6. In addition, the circuit court found that Smith was time-barred from filing a motion for post-conviction relief because Mississippi Code Annotated section 99-39-5(2) (Rev.2007) requires that a motion for post-conviction relief be filed “within three years after entry of the judgment of conviction.” The statute also provides the following exceptions to the three-year time limit:
 

 those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence!;] .... [2] those cases in which the prisoner claims that his sentence has expired or his probation, parole or con
 
 *565
 
 ditional release has been unlawfully revoked!/,] .... [and][3] filings for post-conviction relief in capital cases which shall be made within one year (1) after conviction.
 

 Miss.Code Ann. § 99-39-5(2). Smith pleaded guilty on February 11, 1997, and he filed his motion for post-conviction relief on July 20, 2007, which was well beyond the three-year time limit. His case did not fit into any of the statute’s exceptions; therefore, the circuit court found that his motion was time-barred.
 

 ¶ 7. We agree with the circuit court that Smith was procedurally barred from filing his motion for post-conviction relief pursuant to sections 99-39-23(6) and 99-39-5(2). Accordingly, we affirm the circuit court’s judgment that it was without jurisdiction to consider Smith’s motion and that Smith is barred from filing this motion and further motions for post-conviction relief.
 

 ¶ 8. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING AND DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.