ROBERTS, J.,
for the Court:
¶ 1. In May 2008, twenty-three-year-old Dustin Sills was driving a car that he had taken without the owner’s permission. Sills lost control of the car and struck a tree. Four of the seven passengers in the car were seriously injured. Fifteen-year-old Megan Bass was killed in the collision. Subsequent testing revealed that Sills’s blood-alcohol content was .10%.
¶ 2. Sills was indicted for DUI manslaughter and four counts of DUI mayhem. In April 2009, Sills pled guilty to DUI manslaughter and one count of DUI mayhem. The prosecution agreed that it would not pursue the other three DUI-mayhem charges in exchange for Sills’s guilty plea.
¶ 3. For DUI manslaughter, the Lawrence County Circuit Court sentenced Sills to twenty-five years in the custody of the Mississippi Department of Corrections. The circuit court sentenced Sills to a consecutive twenty-five-year sentence for DUI mayhem. Additionally, the circuit court suspended fifteen years of Sills’s sentence for DUI mayhem, effectively sentencing Sills to a combined thirty-five-year sentence for his DUI-manslaughter and DUI-mayhem convictions.
*1191 ¶ 4. Sills filed a motion for post-conviction relief (PCR) and claimed that the circuit court erred when it set his sentence for DUI mayhem to run consecutively to his sentence for DUI manslaughter. The circuit court summarily dismissed Sills’s PCR motion. On appeal, Sills claims his convictions for DUI manslaughter and DUI mayhem violate the constitutional prohibition against double jeopardy. Finding no error, we affirm the circuit court’s decision to dismiss Sills’s PCR motion.
STANDARD OF REVIEW
¶ 5. “This Court will not disturb a trial court’s dismissal of a [motion] for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010).
ANALYSIS
¶ 6. Sills does not repeat his claim made in his PCR motion that the circuit court erred when it did not modify his sentence for DUI mayhem and set it to run concurrently with his sentence for DUI manslaughter. Instead, for the first time on appeal, Sills claims he was subjected to double jeopardy.
¶ 7. Sills did not raise his double-jeopardy argument in the circuit court. In Rowland v. State, 42 So.3d 503, 508 (¶ 13) (Miss.2010), the Mississippi Supreme Court overruled its earlier decisions holding that one may not raise a double-jeopardy argument for the first time on appeal. According to the supreme court, the prohibition against double jeopardy is a “fundamental right” that is not subject to a procedural bar. Id. at (¶ 14). Accordingly, we address Sills’s double-jeopardy claim.
¶ 8. According to Sills, because the DUI-manslaughter charge and the DUI-mayhem charge stem from the same incident, it was unconstitutional to convict him of both charges. “Double jeopardy allows a defendant to be protected against multiple punishments for the same offense.” Teston v. State, 44 So.3d 977, 985 (¶ 13) (Miss.Ct.App.2008) (citations omitted). “The same[-]elements test is used to determine whether ... double jeopardy attaches.” Id. “If the offenses contain the same elements, they are the ‘same offense[,]’ and double jeopardy bars additional punishment and successive prosecution.” Id.
¶ 9. Mississippi Code Annotated section 63-11-30(5) (Supp.2012) provides that:
Every person who operates any motor vehicle [while under the influence] and who[,] in a negligent mannerf,] causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement or other injury....
(Emphasis added). Section 63-11-30(5) plainly states that one is guilty of a separate felony for each death or injury caused. Furthermore, this Court has previously held that a defendant may be convicted for multiple offenses when that defendant drives under the influence and injures multiple people in a single collision. Teston, 44 So.3d at 986 (¶ 16).
¶ 10. Krystal Marie Teston was driving under the influence of hydrocodone when she hit a car occupied by five people. Id. at 983 (¶ 3). Three people died as a result of that collision and another person was severely injured. Id. Teston was later convicted of three counts of DUI manslaughter and one count of DUI mayhem. Id. at 985 (¶ 11). On appeal, Teston claimed that her four convictions were vio *1192 lations of her right to be free from double jeopardy. Id. at (¶ 12). This Court found that Teston had not been subjected to double jeopardy, because she had been convicted once for each death or injury that she caused while she was driving under the influence of hydrocodone. Id. at 986 (¶ 16).
¶ 11. As previously mentioned, Sills drove under the influence of alcohol and caused the death of one of the passengers in the car he was driving. Four other people in the car were seriously injured. Sills was convicted of one count of DUI manslaughter and one count of DUI mayhem. Section 63-11-30(5) clearly provides that Sills may be convicted for each death or injury that he caused. Sills was not subjected to double jeopardy. It follows that we find no merit to this issue.
¶ 12. THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.