CARLTON, J., for the Court:
¶ 1. Joshua Buckner pled guilty to one count of leaving the scene of an accident and three counts of aggravated driving under the influence (DUI). Buckner subsequently filed a motion for post-conviction relief (PCR), which the trial court denied. Buckner now appeals. Finding no error, we affirm the trial court’s denial of Buckner’s PCR motion.
FACTS
¶ 2. An Oktibbeha County grand jury indicted Buckner on one count of leaving the scene of an accident in violation of Mississippi Code Annotated section 63-3-401 (Supp.2012) and three counts of aggravated DUI in violation of Mississippi Code Annotated section 63-11-30(5) (Supp.2012). These charges stemmed from a single-automobile crash that occurred on April 26, 2008. The automobile crash resulted in the death of one passenger and caused injuries to two other passengers. The State charged Buckner with a separate count of aggravated DUI for each victim, as set forth in Counts II-IV of the indictment. Buckner pled guilty to all four counts in the indictment. On January 28, 2009, the trial court accepted Buckner’s guilty plea. At the sentencing hearing held February 2, 2009, the trial court sentenced Buckner as follows: five years on *917 Count I, leaving the scene of an accident; twenty years on Count II, aggravated DUI; ten years on Count III, aggravated DUI; and ten years on Count IV, aggravated DUI.
¶ 8. After his sentencing, Buckner filed a PCR motion arguing the unconstitutionality of section 63-11-30(5). The trial court denied his PCR motion, finding that the 2004 amendment to section 63-11-30(5) rectified the unconstitutionality of the statute as previously found by the Mississippi Supreme Court in Mayfield v. State, 612 So.2d 1120, 1128 (Miss.1992). Buckner now appeals, alleging that receiving multiple convictions for one act of drunk driving under section 63-11-30(5) violates the Double Jeopardy Clause of the United States Constitution. We affirm the trial court’s dismissal of Buckner’s PCR claim of double jeopardy.
STANDARD OF REVIEW
¶ 4. “When reviewing a [trial] court’s decision to deny a [motion] for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Graves v. State, 822 So.2d 1089, 1090 (¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032 (¶8) (Miss.1999)).
DISCUSSION
¶ 5. Buckner argues that the trial court erred in denying his PCR motion, asserting that his multiple convictions under section 63-11-30(5) violate the Double Jeopardy Clause.
¶ 6. The United States Supreme Court has held that the Constitution’s Double Jeopardy Clause bars multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 801-03, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). The double-jeopardy test, established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), “instructs courts to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense, for double-jeopardy purposes.” Kelly v. State, 80 So.3d 802, 805 (¶ 11) (Miss.2012). Buckner asserts that pursuant to the applicable test, Counts II, III, and IV of his indictment required the State to prove identical elements.
¶ 7. In Mayfield, 612 So.2d at 1128, the Mississippi Supreme Court held that the language of section 63-11-30 proscribes the act of drinking and driving, not the act of homicide, and thus ruled the Double Jeopardy Clause prohibits multiple convictions under this statute for a single act of drunk driving causing multiple injuries.
¶ 8. In 2004, the Mississippi Legislature amended section 63-11-30(5), making explicit that the statute was intended to allow multiple convictions for each injury in a single accident. The statute now reads as follows:
Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of-a separate felony for each such death, mutilation, disfigurement or other injury and shall be committed to the custody of the State Department of Corrections for a period of time of not less than five (5) years and not to exceed twenty-five (25) years for *918 each such death, mutilation, disfigurement or other injury, and the imprisonment for the second or each subsequent conviction, in the discretion of the court, shall commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
Miss.Code Ann. § 63-11-30(5).
¶ 9. Buckner argues that the 2004 amendment failed to overrule Mayfield’s holding that the statute criminalizes DUI, not homicide. However, a review of May-field reflects that the supreme court held that the statute, prior to the amendment, was “ambiguous with regard to whether it proscribes the act of killing while driving drunk ... or whether it merely prescribes a penalty for the act of driving drunk where death results.” Mayfield, 612 So.2d at 1127. Buckner concedes in his brief that the 2004 amendment cured this ambiguity in the statute.
¶ 10. In examining the statute at issue, the language states in pertinent part that a person in violation of this statute “shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement or other injury and shall be committed to the custody of the State Department of Corrections ... for each such death, mutilation, disfigurement or other injury.” In Moreno v. State, 967 So.2d 701, 703 (¶ 3) (Miss.Ct.App.2007), this Court held that pursuant to the 2004 amendment to section 63-11-30(5), a defendant may now be convicted of a separate count of aggravated DUI for each death or injury arising out of a single incident.[1] See also Sills v. State, 105 So.3d 1189, 1191-92 (¶¶9, 11) (Miss.Ct.App. 2013). We find no ambiguity in the statute, and we will not engage in statutory interpretation if a statute is plain and unambiguous. See Tillis v. State, 43 So.3d 1127, 1131 (¶ 9) (Miss.2010); Sykes v. State, 757 So.2d 997,1000 (¶ 8) (Miss.2000). Section 63-11-30(5) in its current form expressly states that a person in violation of that statute shall be guilty of a separate felony for each such death or injury.
¶ 11. In its order denying Buckner’s PCR motion, the trial court acknowledged the amendment of section 63-11-30(5) and, citing Moreno, stated that “the Court of Appeals ... has interpreted this revision as creating separate felonies for each death or injury resulting from driving while intoxicated.” The trial court correctly concluded that section 63-11-30(5) establishes separate crimes for each of the victims identified. Additionally, the offense of leaving the scene of an accident, as defined by Mississippi Code Annotated section 63-3^101, contains different elements from the offenses established by section 63-11-30(5). See Kelly, 80 So.3d at 805 (¶ 11). Therefore, the offense of leaving the scene of an accident prohibits and punishes acts distinct from the criminal acts prohibited by section 63-11-30(5).
¶ 12. As previously stated, the plain language of the statute provides for a separate conviction “for each ... death, mutilation, disfigurement or other injury.” See Miss.Code Ann. § 63-11-30(5). We find that the facts of this case show that Buckner’s criminal act of drunk driving killed one victim and injured two others.
¶ 13. Accordingly, we find no violation of the Double Jeopardy Clause, and we therefore affirm the trial court’s dismissal of Buckner’s PCR motion.
¶ 14. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT
*919 DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. "The legislature, in 2004, amended and made clear that one may be charged under Mississippi Code Annotated section 63-11-30 for multiple felonies arising from the same act of driving under the influence." Moreno, 967 So.2d at 703 (¶ 3).