ISHEE, J.,
for the Court:
¶ 1. Brian Wayne Mooney pleaded guilty on May 26, 2011, in the Harrison County Circuit Court to two counts of driving under the influence (DUI), resulting in death and injury. He was sentenced to twenty years on each count to be served in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently. Subsequently, Mooney filed a motion to vacate his judgment and sentence. The circuit court, treating it as a motion for post-conviction relief (PCR), denied the motion. Mooney now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On May 23, 2008, Mooney was traveling southbound on Vidalia Road in Pass Christian, Mississippi. Lindsey Ladner (Lindsey) was driving in the northbound lane with passengers LaShae Necaise and Marcus Ladner (Marcus). As Mooney approached Lindsey, his car crossed the center line causing a head-on collision. Ne-caise was pronounced dead at the scene. Lindsey and Marcus were seriously injured.
¶ 3. A warrant to collect a sample of Mooney’s blood was obtained later that day. The results of the blood test revealed that Mooney tested positive for cocaine and Soma, a narcotic. On June 17, 2008, an arrest warrant for Mooney was issued. Mooney was subsequently arrested by the Slidell Police Department in Slidell, Louisiana, on May 15, 2009. He was later extradited to Mississippi.
¶ 4. On May 26, 2011, Mooney pleaded guilty in the circuit court to two counts of DUI, resulting in death and injury. He was sentenced to twenty years for each count, with the sentences to run concurrently, all in the custody of the MDOC. Mooney filed a PCR motion on January 17, 2012, which he later moved to dismiss voluntarily. The circuit court dismissed the PCR motion, without prejudice, on May 23, 2013.
¶ 5. On July 16, 2012, Mooney filed a motion to vacate his judgment and sentence, which the circuit court treated as a PCR motion and denied. Aggrieved, Mooney appeals, arguing: (1) his counsel was ineffective, and, therefore, his pleas of guilty were involuntary; and (2) the trial court’s denial of his motion to vacate his judgment and sentence was an abuse of discretion.
STANDARD OF REVIEW
¶ 6. A trial court’s denial of a PCR motion will not be disturbed unless the decision was clearly erroneous. Bell v. State, 105 So.3d 401, 403 (¶5) (Miss.Ct. App.2012) (citing Smith v. State, 12 So.3d 563, 564 (¶4) (Miss.Ct.App.2009)). Questions of law are reviewed de novo. Id.
DISCUSSION
¶ 7. Mooney argues that the trial court erred in denying his PCR motion because he was denied effective assistance of counsel. Specifically, Mooney argues that his attorney: (1) failed to pursue a violation of his speedy-trial rights, (2) coerced his pleas of guilty, (3) failed to investigate and prepare for trial, and (4) failed to seek suppression of illegally obtained evidence.
¶ 8. In order to make a claim based on ineffective assistance of counsel, Mooney must prove that his counsel’s performance was deficient and that his defense was prejudiced by his counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” *147 Ivy v. State, 103 So.3d 766, 769 (¶ 11) (Miss.Ct.App.2012) (citations omitted).
¶ 9. Mooney maintains his attorney was ineffective because she failed to raise Mooney’s claim that his speedy-trial rights were violated. He argues that 1,044 days had passed from the day of his arrest, May 15, 2009, to the day he entered his guilty pleas, May 26, 2011. Mooney maintains that, regardless of the delay, he entered his pleas of guilty based on the coercion of his attorney.
¶ 10. “[0]ur courts have found ineffective-assistance claims based on the failure to raise speedy-trial issues waived where the plea was voluntary and intelligent, but they have found such claims not waived to the extent the plea was rendered involuntary by ineffective assistance.” Hill v. State, 60 So.3d 824, 827 (¶ 7) (Miss.Ct.App.2011). It is well settled that a guilty plea is valid so long as it was “voluntarily and intelligently made by the criminal defendant before the trial court.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing King v. State, 738 So.2d 240, 241 (¶ 3-5) (Miss.1999)). “To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of [the] plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).
 ¶ 11. Mooney asserts that his attorney coerced and threatened him into entering guilty pleas instead of pursuing his claim of a speedy-trial violation. Mooney’s assertions, however, are contradicted by the testimony he gave during his plea hearing. Mooney testified that he understood that he would be waiving certain constitutional rights if he pleaded guilty. He affirmed that he was satisfied with the services and the advice that he had received from his lawyer. He also admitted that he had not been coerced or threatened in any way to enter his pleas of guilty. Mooney waived his constitutional right to a speedy trial on the record and continued to plead guilty. “Solemn declarations made in open court carry a strong presumption of verity.” Jones v. State, 885 So.2d 83, 87 (¶ 8) (Miss.Ct.App.2004).
¶ 12. Mooney also asserts that his attorney failed to investigate and prepare for trial and failed to seek the suppression of the results of the blood test. Yet Mooney only offers his own bare assertions in support of both arguments. “In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffeetive[-]assistance[-]of[-]coun-sel claim is without merit.’ ” Watts v. State, 97 So.3d 722, 726 (¶ 12) (Miss.Ct.App.2012) (citations omitted). Mooney has failed to show that his attorney’s performance was ineffective. Therefore, this issue is without merit.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.