ISHEE, J.,
for the Court:
¶ 1. On February 22, 2007, Emanuel Sanders pleaded guilty in the Lowndes County Circuit Court to one count of armed robbery and one count of possession of marijuana. He was sentenced to nine years for the conviction of armed robbery, and six years, to run consecutively, for the conviction of possession of marijuana, all in the custody of the Mississippi Department of Corrections (MDOC). In July 2012, Sanders filed his first motion for post-conviction relief (PCR), which was dismissed by the circuit court as time-barred. He then filed a motion for relief from the judgment in May 2013. The circuit court, treating it as a PCR motion, dismissed the motion as time-barred. Sanders appeals. Finding no error, we affirm the circuit court’s judgment.
STATEMENT OF THE FACTS
¶ 2. In 2006, Sanders was indicted for armed robbery, burglary of a dwelling, and burglary of an automobile. The counts involved the same victim, Thomas Hinton. During the incident, Sanders also stole marijuana from Hinton’s freezer. Subsequently, Sanders was also indicted for possession of marijuana. Sanders ultimately reached an agreement with the State. He agreed to plead guilty to the charges of armed robbery and possession of marijuana, and in return, the State agreed to drop the charges for burglary of a dwelling and burglary of an automobile. Sanders entered his guilty pleas on February 22, 2007. He received a nine-year sentence for the armed-robbery conviction, and a consecutive six-year sentence for the possession-of-marijuana conviction.
¶ 3. On July 17, 2012, Sanders filed his first PCR motion, claiming ineffective assistance of counsel, which the circuit court dismissed as time-barred. Sanders did not appeal the circuit court’s dismissal of his PCR motion. However, he filed a motion for relief from the judgment pursuant to Mississippi Rule of Civil Procedure 60(b) on May 14, 2013. In this motion, Sanders alleged that his convictions for armed robbery and possession of marijuana,arose out of the same incident, and that the separate sentences violated his right to be free from *543 double jeopardy. The circuit court treated the motion as a PCR motion and dismissed it as being time-barred. Aggrieved, Sanders now appeals.
DISCUSSION
¶ 4. The heart of Sanders’s argument on appeal is that his motion for relief from the judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(6) was incorrectly treated as a PCR motion, and therefore, incorrectly dismissed as time-barred. He contends that his motion was not time-barred, as there is no time limit associated with the filing of a Rule 60(b)(6) motion. Finally, Sanders contends that his convictions for both armed robbery and possession of marijuana violate his right to be free from double jeopardy.
 ¶5. A circuit court’s denial of relief pursuant to Rule 60(b)(6) is reviewed under an abuse-of-discretion standard. Beeks v. State, 130 So.3d 163, 165 (¶7) (Miss.Ct.App.2014). We find that the circuit court did not abuse its discretion in denying Sanders relief. Rule 60(b)(6) provides that “[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons ... any other reason justifying relief from the judgment.” However, Rule 60(b) motions are for “extraordinary and compelling eireum-stances[.]” S. Healthcare Servs., Inc. v. Lloyd’s of London, 110 So.3d 735, 742 (¶ 14) (Miss.2013) (citations omitted). The motions “should be denied where they are merely an attempt to relitigate the case.” Id. Further, “a Rule 60(b) motion is not to be used as a substitute for appeal.” Id. at 742 (¶ 15). We have held:
Purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post[-]conviction[-]eollateral[-]relief sense, is arguably “post-conviction habe-as corpus renamed.” Arguments over nomenclature should be avoided so long as the Act affords the relief formerly available by habeas corpus in this limited context.
Edmond v. State, 845 So.2d 701, 702 (¶ 3) (Miss.Ct.App.2003) (quoting Walker v. State, 555 So.2d 738, 740 (Miss.1990)).
¶ 6. In the present case, Sanders had already filed one PCR motion, which the court dismissed as being time-barred. Instead of appealing the circuit court’s judgment, Sanders filed the motion that is the subject of this appeal nearly a year after the dismissal of his first PCR motion. Sanders’s underlying argument attacked the judgment of his convictions and sentences for armed robbery and possession of marijuana. In light of these factors, it is clear that Sanders’s filing of a Rule 60(b) motion is nothing more than an attempt to relitigate the ease or substitute the appeal of his first PCR motion. As such, the circuit court did not abuse its discretion by denying Sanders relief, and properly treated the motion as one seeking post-conviction relief.
¶ 7. A circuit court’s denial or dismissal of a PCR motion will not be disturbed unless the decision was clearly erroneous. Bell v. State, 105 So.3d 401, 403 (¶ 5) (Miss.Ct.App.2012) (citing Smith v. State, 12 So.3d 563, 564 (¶4) (Miss.Ct.App.2009)). Questions of law are reviewed de novo. Id. Mississippi Code Annotated section 99-39-5(2) (Supp.2013) provides:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years *544 after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Sanders pleaded guilty to armed robbery and possession of marijuana on February 22, 2007. The three-year statute of limitations expired on February 22, 2010. Facially, his subsequent motions seeking relief appear to be time-barred.
¶ 8. Section 99-39-5(2)(a)-(b) provides three exceptions to the general three-year statute of limitations. To be exempt, a movant must show oné of the following: (1) an intervening decision of a higher court; (2) new evidence, not reasonably discoverable at trial; or (3) that his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss.Code. Ann. § 99-39-5(2)(a)-(b). Further, the Mississippi Supreme Court has found that “[ejrrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UPCCRA) ].” Rowland v. State, 42 So.3d 503, 506 (¶ 12) (Miss.2010).
¶ 9. Because of Rowland, we find that Sanders’s claims of double jeopardy , are excepted from the procedural bars of the UPCCRA. Sanders argues that the convictions of armed robbery and possession of marijuana arose out of the same incident. He contends that receiving separate sentences for each conviction violates his right to not be subjected to double jeopardy.
¶ 10. It is well settled that the Double-Jeopardy Clause protects against multiple punishments for the same offense. Kelly v. State, 80 So.3d 802, 804 (¶8) (Miss.2012) (citing Boyd v. State, 977 So.2d 329, 334 (¶ 15) (Miss.2008)). “A conviction can withstand a double-jeopardy analysis only if each offense contains an element not contained in the other.” Id. (citing Boyd, 977 So.2d at 334 (¶ 16)). “If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both.” Id.
¶ 11. Sanders was convicted of armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2006). He was also convicted of possession of marijuana pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2013). The two offenses do not share a single element. Therefore, this issue is without merit. As such, we affirm the circuit court’s judgment.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.