## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2017-CP-00143-COA

**JUSTIN S. HILL A/K/A JUSTIN SCOTT HILL**        **APPELLANT**
**A/K/A ECKSTIEN A/K/A JUSTIN HILL**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2016 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JUSTIN S. HILL (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| | JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 09/18/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.     Justin Hill appeals the Alcorn County Circuit Court's denial of his petition for postconviction relief (PCR).  Finding no error, we affirm.

### FACTS

¶2.     On May 7, 2009, a grand jury indicted Hill in cause number CR09-066 of Count I, the depraved-heart (second-degree) murder of William Marion, and Count II, leaving the scene of an accident.  *See* Miss. Code Ann. §§ 97-3-19(1)(b) (Rev. 2006), 63-3-401 (Rev. 2004), 63-3-405 (Rev. 2004).  As part of a plea agreement, Count I was reduced to culpable-negligence manslaughter.  On November 1, 2010, Hill pled guilty in cause number CR09-066

to both culpable-negligence manslaughter and leaving the scene of an accident. The circuit court sentenced Hill to twenty years in the custody of the Mississippi Department of Corrections (MDOC) for Count I and to a consecutive five-year sentence for Count II. The circuit court fined Hill $1,000 for each count. On the same day, Hill also pled guilty by criminal information in cause number CR10-302 to DUI mutilation arising out of the same car accident for injuries suffered by William's wife, Susan Marion. For the DUI-mutilation charge, the circuit court sentenced Hill to twenty-five years in MDOC's custody, with the sentence to run consecutively to Hill's prior sentences.

¶3. On October 22, 2013, Hill filed his first PCR petition, which the circuit court denied. On October 7, 2016, Hill filed a "Petition for Correction of Sentence," in which he asserted that his sentences in cause numbers CR09-066 and CR10-302 violated his right against double jeopardy. In its December 13, 2016 order, the circuit court treated Hill's filing as a PCR petition. The circuit court found Hill's instant PCR petition was both successive-writ barred and time-barred. Notwithstanding these procedural bars, the circuit court found no merit to Hill's double-jeopardy claim. The circuit court therefore denied Hill's PCR petition.

¶4. Aggrieved, Hill appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017) (quoting *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013)).

**DISCUSSION**

¶6. Hill's instant petition is procedurally barred as both untimely and a successive writ. Hill contends, however, that his sentences subjected him to double jeopardy, and "the protection against double jeopardy is a fundamental right." *Johnston v. State*, 172 So. 3d 756, 759 (¶6) (Miss. Ct. App. 2012). "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Postconviction Collateral Relief Act (UPCCRA)]." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). Thus, notwithstanding the procedural bars, we address the merit of Hill's double-jeopardy claim.

**I. Procedural Bars**

¶7. The UPCCRA "provides a [petitioner] with three years to file a PCR [petition], and failure to do so within the three years is a procedural bar." *Duncan v. State*, 226 So. 3d 127, 129 (¶8) (Miss. Ct. App. 2017). Following his convictions in 2010, Hill filed his first unsuccessful PCR petition in 2013. Hill filed his present petition in 2016—five years after his conviction. As a result, Hill's instant PCR petition is time-barred.

¶8. "In addition to the time bar, 'under the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion.'" *Duncan*, 226 So. 3d at 129 (¶9) (quoting *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016)). Because the instant PCR petition is Hill's second, it is also barred as a successive writ.

**II. Double Jeopardy**

¶9. Hill claims his three convictions arising from the same car accident subjected him to double jeopardy. Because the vehicle Hill drove was involved in all three charges against him, he argues there can really only be one charge. Specifically, Hill asserts he has "been

3

charged with both 'aggravated DUI' and 'culpable[-]negligence manslaughter' in violation of the [Fifth] Amendment[,] which protects the Appellant against . . . multiple punishments for the same crime."

¶10.    Our caselaw is well settled that double jeopardy protects a defendant against multiple punishments for the same offense. *Sanders v. State*, 149 So. 3d 541, 544 (¶10) (Miss. Ct. App. 2014). "A conviction can withstand a double-jeopardy analysis only if each offense contains an element not contained in the other. If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both." *Id.* (citations and internal quotation marks omitted).

¶11.    In the present case, Hill first pled guilty to the culpable-negligence manslaughter of William. Relevant to this charge, our caselaw establishes:

> A defendant is guilty of culpable-negligence manslaughter if he or she kills another through "negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and this shall be so clearly evidenced as to place it beyond every reasonable doubt."

*Hull v. State*, 174 So. 3d 887, 898 (¶31) (Miss. Ct. App. 2015) (quoting *Jones v. State*, 678 So. 2d 707, 710-11 (Miss. 1996)); *see also* Miss. Code Ann. § 97-3-47 (Rev. 2006) (defining culpable-negligence manslaughter).

¶12.    Second, Hill pled guilty to leaving the scene of an accident. Relevant to this charge, section 63-3-401(1) states:

> The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of [s]ection 63-3-405.

4

Section 63-3-405 requires the driver to provide his name, address, and vehicle registration number and to render the victim "reasonable assistance."

¶13. Finally, as to Hill's third charge involving the DUI mutilation of Susan, Mississippi Code Annotated section 63-11-30(5) (Supp. 2007) provides:

> Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables[,] or destroys the tongue, eye, lip, nose[,] or any other limb, organ[,] or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement[,] or other injury . . . .

¶14. Our caselaw clearly establishes "a defendant may be convicted for multiple offenses when that defendant drives under the influence [of an impairing substance] and injures multiple people in a single collision." *Sills v. State*, 105 So. 3d 1189, 1191 (¶9) (Miss. Ct. App. 2013). Here, Hill was involved in a single car accident that resulted in three separate crimes with two different victims. Because each crime Hill committed contained different elements from the other two, his charges failed to subject him to double jeopardy. As a result, we find his argument lacks merit.

### CONCLUSION

¶15. Hill's PCR petition is both time-barred and successive-writ-barred. In addition, Hill's assertion that his constitutional rights were violated by double jeopardy lacks merit and fails to overcome the procedural bars. We therefore affirm the circuit court's denial of Hill's instant PCR petition.

¶16. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**