ISHEE, J.,
for the Court:
¶ 1. Sylvester Bell pleaded guilty to statutory rape and was sentenced to serve thirty years in the Mississippi Department of Corrections (MDOC) as a habitual offender, without eligibility for parole or probation. On October 19, 2009, Bell filed a motion for post-conviction relief (PCR) in the Tunica County Circuit Court. The circuit court denied Bell’s PCR motion. On appeal, Bell abandons the issues raised in his PCR motion, and, instead, he argues the circuit court erred by failing to include the transcript from his guilty plea and sentencing hearing in response to his request for the designation of records pursuant to Mississippi Rule of Appellate Procedure 10(b)(1). Because Bell did not request the transcripts during his PCR action, and the circuit court never ruled on the issue, the matter is procedurally barred. Thus, we affirm the circuit court’s denial of Bell’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 17, 2004, Bell was indicted for statutory rape under Mississippi Code Annotated section 97-3-65(l)(a) (Supp.2011). Upon a motion by the State, the indictment was amended to charge Bell as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). On July 3, 2007, he pleaded guilty to the charge. Prior to sentencing, the circuit court determined that Bell had qualified as a habitual offender and was subject to sentencing under the habitual-offender statute. Bell was then sentenced to serve thirty years in the custody of the MDOC as a habitual offender, without eligibility for parole or probation.
¶ 3. On October 19, 2009, Bell filed a PCR motion in the circuit court. He argued his sentence was illegal because he was not originally indicted as a habitual offender by the grand jury. Bell also alleged certain defects on the face of the indictment.
¶4. On January 18, 2011, the circuit court denied Bell’s PCR motion, rejecting Bell’s claims of defects on the face of the indictment and his claim that he was illegally sentenced. The circuit court found that Bell was not unfairly surprised by the habitual-offender amendment to his indictment because he and his attorney were aware of the amendment prior to Bell entering a guilty plea. The circuit court reasoned that the amendment only affected Bell’s potential sentence and not his *403 ability to defend himself against the charges. On appeal, Bell does not raise any of the issues contained in his PCR motion. Instead, he argues the circuit court erred by failing to include the transcript from his guilty plea and sentencing hearing in response to his request for the designation of records pursuant to Rule 10(b)(1).
DISCUSSION
¶ 5. When reviewing a denial of a PCR motion, this Court will not reverse the circuit court’s factual findings unless they are clearly erroneous. Smith v. State, 12 So.3d 563, 564 (¶ 4) (Miss.Ct.App.2009) (citing Andrews v. State, 932 So.2d 61, 62 (¶ 4) (Miss.Ct.App.2006)). However, where questions of law are raised, the standard of review is de novo. Id.
¶ 6. Bell argues the circuit court erred by failing to grant his request for the designation of records pursuant to Rule 10(b)(1). Rule 10(b)(1) states: “Within seven (7) days after filing the notice of appeal, the appellant shall file with the clerk of the trial court and serve both on the court reporter or reporters and on the appellee a written designation describing those parts of the record necessary for the appeal.” Bell filed a designation of records requesting that the circuit court provide “[a]ll Clerk’s papers, trial transcripts and exhibits filed, taken or offered in this case,” and “[t]he order entered on the 18th day of January, denying [Bell’s] [PCR][m]otion.”
¶ 7. We note at the outset that there is no indication that the Tunica County Circuit Clerk failed to provide the complete record regarding Bell’s PCR motion. However, Bell argues the circuit court did not provide a copy of the transcript of the guilty plea and sentencing hearing from his original criminal ease. He asserts this has hindered his ability to perfect his appeal.
¶8. Under Mississippi Uniform Post-Conviction Collateral Relief Act (UP-CCRA), “[a] prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under [Mississippi Code Annotated section] 99-39-11(2) [ (Supp.2011) ], may be entitled to trial transcripts ... under the discovery provisions of [Mississippi Code Annotated section] 99-39-15 [ (Rev.2007) ], upon good cause shown and in the discretion of the trial judge.” Fleming v. State, 553 So.2d 505, 506 (Miss.1989). Thus, in a PCR action, the defendant may request the production of transcripts under section 99-39-15. However, if no such request is made, the defendant may not then argue on appeal that the circuit court erred by failing to provide transcripts related to the original conviction. A defendant may only appeal the circuit court’s denial of a request for transcripts if (1) the request for transcripts was included in a motion under the UPCCRA, or (2) the claim is raised on a direct appeal from the conviction. Fleming, 553 So.2d at 506.
¶ 9. The instant case is not a direct appeal from the conviction, and Bell never requested the transcripts either in his PCR motion or in a separate motion requesting the record. In a PCR action, the proper avenue to request transcripts is under the discovery provisions of section 99-39-15. Fleming, 553 So.2d at 506. Bell failed to follow the proper procedure for requesting his transcript. His attempt to gain access to the transcripts from his original criminal conviction through a Rule 10(b)(1) designation of records was improper.
¶ 10. “It is well settled that issues not raised before the trial court for resolution are procedurally barred from being raised for the first time before the appellate court.” Chandler v. State, 44 So.3d *404 442, 443 (¶ 7) (Miss.Ct.App.2010) (citing Foster v. State, 716 So.2d 538, 540 (¶7) (Miss.1998)). Because Bell failed to properly request the transcripts, the circuit court never had an opportunity to rule on the issue. Accordingly, the sole issue raised on appeal is procedurally barred. As such, we affirm the circuit court’s denial of Bell’s PCR motion.
¶ 11. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.