Sylvester BELL a/k/a Bell Sylvester, Appellant

v.

STATE of Mississippi, Appellee.

No. 2014–CP–01370–COA.

Court of Appeals of Mississippi.

May 31, 2016.

Rehearing Denied Oct. 11, 2016.

Certiorari Denied Jan. 12, 2017.

Sylvester Bell, appellant, pro se.

Office of the Attorney General by Alicia Marie Ainsworth, attorney for appellee.

Before IRVING, P.J., CARLTON and JAMES, JJ.

IRVING, P.J., for the Court:

¶ 1. Sylvester Bell appeals the judgment of the Tunica County Circuit Court that dismissed his second motion for post-conviction relief (PCR) as a successive writ. On appeal, Bell argues that his claims are excepted from the successive-writ bar and that the trial court's judgment was in error. Finding no error, we affirm.

## FACTS

¶ 2. On August 17, 2004, Bell was indicted on one count of statutory rape under Mississippi Code Annotated section 97–3–65(1)(a) (Rev.2014). On June 1, 2007, the State filed a motion to amend the indictment and charge Bell as a habitual offender under Mississippi Code Annotated section 99–19–81 (Rev.2015). The order allowing the amendment was entered by the trial court on June 4, 2007.[1] Bell

---

1. Although there is no copy of the order allowing the amendment in the record on appeal, the trial judge specifically discussed it in his order dismissing Bell's second PCR motion. The order states:

pleaded guilty on July 3, 2007. He was sentenced on July 6, 2007, to thirty years in the custody of the Mississippi Department of Corrections as a habitual offender, without eligibility for parole, probation, or early release.[2]

¶ 3. Bell filed his first PCR motion in 2009. It was denied by the trial court on January 19, 2011. Bell appealed, but did not raise on appeal the issues raised in his PCR motion. *Bell v. State*, 105 So.3d 401, 402 (¶ 1) (Miss.Ct.App.2012). Instead, he argued the trial court erred in failing to include the guilty-plea and sentencing-hearing transcript in the record on appeal. We found no merit to Bell's argument, as he had never requested the transcript during his PCR action. *Id.*[3] On April 15, 2013, Bell filed a second PCR motion. On June 27, 2014, the trial court dismissed Bell's second PCR motion as a successive writ. Bell's motion for reconsideration was denied, and he now appeals the trial court's decision.

## STANDARD OF REVIEW

¶ 4. "We review the dismissal or denial of a PCR motion for abuse of discretion." *Hughes v. State*, 106 So.3d 836,

838 (¶ 4) (Miss.Ct.App.2012). Questions of law are reviewed de novo. *Id.*

## DISCUSSION

¶ 5. Mississippi Code Annotated section 99–39–23(6) (Rev.2015) prohibits second or successive PCR motions unless an exception applies. There is no dispute that Bell's current PCR motion is successive, as it is his second such motion. Bell's PCR motion, which was filed in 2013, is also time-barred, as it was not filed within three years of the entry of his 2007 judgment of conviction. Miss.Code Ann. § 99–39–5(2) (Rev.2015).

¶ 6. In order to overcome these procedural bars, Bell must prove an exception applies. Exceptions include an intervening decision of the Mississippi Supreme Court or United States Supreme Court that would have adversely affected the outcome of his conviction or sentence; newly discovered evidence; the expiration of his sentence or the unlawful revocation of his probation, parole, or conditional release; or the existence of DNA evidence that may have favorably affected his conviction or sentence. Miss.Code Ann. §§ 99–39–5(2); 99–39–23(6). "Errors affecting fundamental constitutional rights are [also] excepted

---

[Bell's trial attorney] did peruse the voluminous documents of the [c]ourt file concerning the [m]otion to [a]mend the [i]ndictment and the [o]rder. Once he submitted his affidavit to the [c]ourt, he failed to find the file documentation of the [a]mendment of the [i]ndictment[ ]. Even though the [a]mendment was agreed to as part of [p]etitioner's [p]lea [p]etition, it was not apparent to the [d]efense [a]ttorney. Once the [c]ourt received the affidavit questioning the existence of documents evidencing the action of the State on the [a]mendment[,] the State was asked to supply the [m]otion and [o]rder to [a]mend or give reason why, if the proper documentation did not exist, that this [c]ourt should not take appropriate action. The State complied and reviewed the [c]ourt file. It found the [m]otion and

[o]rder [a]mending the [i]ndictment and forwarded those documents to the [c]ourt.

2. On the same day he pleaded guilty to statutory rape, Bell also pleaded guilty to separate charges of armed robbery and aggravated assault. He was sentenced to ten years each for armed robbery and aggravated assault. The sentences for all three crimes were ordered to run concurrently.

3. It has now come to the Court's attention that there is no transcript of the plea or sentencing hearing, as the court reporter present at the hearing passed away, and the circuit court was unable to locate useable documents, notes, or recordings from which a transcription could be made.

from the procedural bars[.]" *Rowland v. State*, 42 So.3d 503, 506 (¶ 9) (Miss.2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So.3d 471, 475 (¶ 11) (Miss.2015).

¶ 7. Bell has failed to demonstrate that his claims are excepted from the procedural bars. Still, we will address each of his claims raised on appeal. We find his claims are procedurally barred and, alternatively, without merit.

### 1. Voluntariness of Guilty Plea

■ ¶ 8. Bell argues that his guilty plea was not knowingly and intelligently given. Bell asserts his attorney erroneously informed him that he would be eligible for parole after seven and a half years of his ten-year sentence. Bell argues he would not have pleaded guilty had he known he would be ineligible for parole. He also asserts that the trial court failed to advise him of the rights he was giving up by pleading guilty and that the trial court did not request a "plea factual qualification."

¶ 9. On the same day he pleaded guilty to statutory rape, Bell also pleaded guilty to armed robbery and aggravated assault. He was sentenced to thirty years for statutory rape, ten years for armed robbery, and ten years for aggravated assault, with the sentences to run concurrently. The only conviction and sentence involved in this PCR motion and appeal are the statutory-rape conviction and thirty-year sentence. As Bell states his attorney erroneously informed him he would be eligible for parole on his ten-year sentence, it appears Bell's contention relates to one of the other crimes that is not the subject of this appeal. Any challenge to his armed-robbery or aggravated-assault plea must be brought in a separate PCR action. *See Blount v. State*, 126 So.3d 927, 930 (¶ 7) (Miss.Ct.App.2013) (citing Miss.Code Ann. § 99–39–9(2) (Rev.2015)).

¶ 10. Nonetheless, even taking Bell's assertion as a challenge to his statutory-rape plea, we find no merit to this issue. Bell was ineligible for parole for the statutory-rape conviction, as it is a sex offense. *See* Miss.Code Ann. § 47–7–3(1)(b) (Rev.2015). Additionally, Bell was sentenced as a habitual offender, again making him ineligible for parole on this offense. *See* Miss.Code Ann. § 47–7–3(1)(a) (Rev.2015). As his two ten-year sentences were ordered to run concurrently with his thirty-year statutory-rape sentence, he was ineligible for parole on any of his sentences.

¶ 11. Bell's signed plea petition contradicts his assertion that he was not informed of his parole ineligibility. It states: "I understand That if I am sentenced as a habitual criminal, I will not be eligible for parole. I understand that if I am sentenced for a sex crime, I will not be eligible for parole." The plea petition further states: "I am knowingly, intelligently, understandingly, freely and voluntarily entering my plea of guilty to this/these crime(s). I am making this petition truthfully and under oath." Prior to ruling on Bell's current PCR motion, the trial court directed Bell's defense attorney to file an affidavit addressing Bell's claims. The attorney "stated it was solely Mr. Bell's decision to plead guilty. They discussed the [p]lea [p]etition and [counsel] made no representations to ... Bell outside of the [p]lea [p]etition."

¶ 12. Bell's argument that the trial court did not inform him of the rights he would be waiving by pleading guilty is also contradicted by the record. Although the plea-hearing transcript is unavailable due to the court reporter's death, the judgment

of conviction specifically states that Bell and the district attorney appeared before the court and that Bell was "duly advised of all his legal and constitutional rights in the premises," and was "further advised of the consequences of such a plea[.]"

¶ 13. Bell bore the burden of proving by a preponderance of the evidence that his plea was involuntary. *See Jones v. State*, 885 So.2d 83, 87 (¶ 8) (Miss.Ct.App. 2004). As Bell's assertions are contradicted by the record, Bell has not met this burden. To the extent Bell intended to attack his other guilty pleas, a PCR motion may assert "a claim for relief against one (1) judgment only." Miss.Code Ann. § 99–39–9(2). Thus, any challenge to his other judgments must be raised in separate PCR motions. This issue is without merit.

### 2. Grand–Jury Indictment

¶ 14. Bell argues his indictment was invalid because it was "not marked, dated, and signed by the circuit clerk." He argues that in the absence of a valid indictment, the court did not have jurisdiction over him, and that his conviction and sentence should be set aside.

¶ 15. Although an original certified copy of Bell's indictment is not part of the appellate record, the copy Bell attached to his PCR motion is stamped, dated, and signed by the circuit clerk. While the copy is not marked "filed," the absence of a filed date "is merely procedural where the facts reveal that the indictment was returned by the grand jury and not manufactured by the State." *Cochran v. State*, 969 So.2d 119, 123 (¶ 16) (Miss.Ct.App. 2007). The indictment is signed by the grand-jury foreman, a witness, and the assistant district attorney, and it is signed twice by the circuit clerk. The indictment is dated August 17, 2004, and bears what appears to be a Tunica County Circuit Court stamp under the witness's signature. The indictment has a handwritten cause number at the top. There is no evidence the indictment was manufactured by the State.

¶ 16. Based on the copy of the indictment provided, we find the lack of a filed date to be merely procedural and not jurisdictional. Bell waived any procedural defects in the indictment by pleading guilty. *Id.* at 123 (¶ 15) ("A valid guilty plea waives all non-jurisdictional defects to an indictment."). This issue is without merit.

### 3. Habitual–Offender Sentence

¶ 17. Bell argues that the trial court erred by allowing the State to amend the indictment to charge him as a habitual offender. Bell claims he was unfairly surprised by the amendment and unable to prepare a defense.

¶ 18. Uniform Rule of Circuit and County Court 7.09 states that "[i]ndictments may ... be amended to charge the defendant as an habitual offender ... if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." The rule "does not speak to the timing of the amendment"; rather, the timing must be "considered on a case-by-case basis." *Williams v. State*, 131 So.3d 1174, 1177 (¶ 17) (Miss.2014).

¶ 19. Bell was indicted in August 2004. On June 1, 2007, the State filed a motion to amend the indictment to charge Bell as a habitual offender based on three prior felony convictions in Tunica County. The motion was granted on June 4, 2007. Bell proceeded to trial and decided to plead guilty on the second day of trial, July 3, 2007. Thus, Bell had a month's notice of the amendment prior to trial and his plea. We find Bell had sufficient notice of the amendment and a fair opportunity to prepare his defense. *Compare id.* (finding

State's motion to amend indictment to reflect habitual-offender status under section 99–19–81 filed three days prior to trial provided adequate notice). Further, Bell's signed plea petition states that he understood the State would recommend he be sentenced as an "81–Habitual," and it lists six prior convictions. Thus, he cannot claim unfair surprise in the entry of his plea.

¶ 20. We find Bell was properly informed of the amendment to his indictment to charge him as a habitual offender. This issue is without merit.

### 4. Ineffective Assistance of Counsel

■ ¶ 21. Bell argues he was denied effective assistance of counsel because his attorney failed to provide him with adequate information prior to making his guilty plea. Bell contends his attorney failed to inform him of the elements of statutory rape, possible defenses, potential length of his sentence, and lack of parole eligibility. He also contends his attorney failed to investigate the circumstances surrounding his arrest. Bell alleges that had his attorney performed his duties, he would not have pleaded guilty.

■ ¶ 22. To prove his counsel was ineffective, Bell must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Bell voluntarily signed a plea petition that contains all of the information that he claims was not explained to him by counsel. The trial court reviewed the matter with him and confirmed his plea was voluntary. Based on the record, Bell was properly apprised of his rights and has not met his burden under *Strickland*.

¶ 23. We find the trial court correctly dismissed Bell's PCR motion as successive, as Bell has not shown any exception to the procedural bar. Alternatively, we find the issues raised are without merit. Accordingly, we affirm.

¶ 24. **THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.**

LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.