# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00187-COA

**SYLVESTER BELL A/K/A BELL SYLVESTER**　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2018 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SYLVESTER BELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.　Sylvester Bell appeals the Tunica County Circuit Court's dismissal of his third motion for post-conviction relief (PCR) as time-barred. Finding no exception to the procedural bar, we affirm the court's dismissal of Bell's motion.

### FACTS AND PROCEDURAL HISTORY

¶2.　On July 3, 2007, Bell entered a guilty plea to statutory rape and was sentenced as a habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation.[1] Bell filed a PCR motion on October

---

[1] *See* Miss. Code Ann. § 99-19-81 (Rev. 2007).

19, 2009, which the circuit court denied. Appealing the decision, Bell argued that "the circuit court erred by failing to include the transcript from his guilty plea and sentencing hearing in response to his request for the designation of records pursuant to Mississippi Rule of Appellate Procedure 10(b)(1)." *Bell v. State*, 105 So. 3d 401, 402 (¶1) (Miss. Ct. App. 2012). Because Bell had failed to request the transcripts, and "the circuit court never had an opportunity to rule on the issue," this Court concluded that the issue was procedurally barred and affirmed the court's denial of Bell's motion. *Id*. at 404 (¶10).

¶3.    Bell filed a second PCR motion on April 15, 2013. The circuit court dismissed the motion as successive-writ barred, and Bell appealed that decision. *Bell v. State*, 207 So. 3d 705 (Miss. Ct. App. 2016). Finding Bell had not demonstrated an exception to the procedural bar, we affirmed the court's dismissal; alternatively, we determined the claims lacked merit. *Id*. at 710 (¶23). This Court further noted that because the court reporter at Bell's plea hearing had passed away, there was no transcript available. *Id*. at 707 n.3.

¶4.    Bell filed his third PCR motion on April 10, 2018, claiming that he did not sign his July 2007 guilty-plea petition. Further, citing this Court's notation in *Bell*, 207 So. 3d at 707 n.3, Bell argued that the unavailability of the transcript of his plea hearing was a violation of the circuit court's duty to make a record of the proceedings under Rule 5.02 of the Uniform Rules of Circuit and County Court Practice.

¶5.    The circuit court dismissed Bell's motion on December 21, 2018, finding it was procedurally barred by the applicable three-year statute of limitations.[2] *See* Miss. Code Ann.

_____

[2] Bell filed a petition for writ of mandamus with the Mississippi Supreme Court on October 22, 2018, requesting that the circuit court rule on his PCR motion. The supreme

2

§ 99-39-5(2) (Rev. 2015). Aggrieved, Bell appeals the court's decision.

## DISCUSSION

¶6. "The [circuit] court may summarily dismiss a PCR petition where it plainly appears from the face of the petition, any annexed exhibits, and the prior proceedings in the case that the petitioner is not entitled to any relief." *Salter v. State*, 184 So. 3d 944, 948 (¶10) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-11(2) (Supp. 2014)). "In reviewing the dismissal of a PCR motion, we 'will not disturb the circuit court's factual findings unless they are clearly erroneous.'" *Allen v. State*, 177 So. 3d 1148, 1149 (¶5) (Miss. Ct. App. 2014) (quoting *Smith v. State*, 118 So. 3d 180, 182 (¶6) (Miss. Ct. App. 2013)). Issues of law are reviewed de novo. *Id*.

¶7. The circuit court dismissed Bell's motion as procedurally time-barred under Mississippi Code Annotated section 99-39-5(2), which provides that in the case of a guilty plea, a petitioner's PCR motion "shall be made . . . within three (3) years after entry of the judgment of conviction." Bell entered his guilty plea in 2007; his PCR motion was not filed until 2018, more than ten years later. Furthermore, although not addressed by the circuit court, Bell's PCR motion—his third—is also barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015).

court dismissed the petition without prejudice on November 16, 2018, finding that Bell failed to show that he had filed said PCR motion. On December 7, Bell filed the supplemented PCR petition. After the circuit court dismissed Bell's PCR motion on December 21, 2018, the supreme court dismissed the petition for writ of mandamus as moot.

On May 8, 2019, this Court granted Bell's motion to proceed in forma pauperis on appeal, finding that neither of Bell's prior PCR motions "were dismissed as frivolous or because he failed to state a relievable claim."

¶8.    As we noted in Bell's prior appeal:

> In order to overcome these procedural bars, Bell must prove an exception applies. Exceptions include an intervening decision of the Mississippi Supreme Court or United States Supreme Court that would have adversely affected the outcome of his conviction or sentence; newly discovered evidence; the expiration of his sentence or the unlawful revocation of his probation, parole, or conditional release; or the existence of DNA evidence that may have favorably affected his conviction or sentence. Miss. Code Ann. §§ 99-39-5(2); 99-39-23(6). "Errors affecting fundamental constitutional rights are also excepted from the procedural bars." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015).

*Bell*, 207 So. 3d at 707-08 (¶6) (brackets omitted). We find Bell's arguments insufficient to overcome the procedural bar.

¶9.    Bell claims that he did not sign the plea petition and that the State falsified the petition, changing his sentence from twenty years to thirty years. "When a PCR movant challenges the validity of his guilty plea, he carries the burden to prove that his plea was invalid." *Whetstone v. State*, 109 So. 3d 616, 619 (¶10) (Miss. Ct. App. 2013) (citing *Hannah v. State*, 943 So. 2d 20, 25 (¶11) (Miss. 2006)). While the current record does not contain the guilty-plea petition, in *Bell*, 207 So. 3d at 708 (¶11), this Court noted that Bell had signed his plea petition. Moreover, "there is no rule that requires a defendant to sign a guilty-plea petition before the court can accept his guilty plea . . . [and] the absence of a guilty-plea petition does not automatically invalidate the plea." *Whetstone*, 109 So. 3d at 619 (¶10).

¶10.   Bell also contends that because there is no transcript of the plea hearing, the circuit

court violated his due process rights by failing to provide a complete record. This Court has already addressed the issue of the transcript's unavailability, holding, "Although the plea-hearing transcript is unavailable due to the court reporter's death, the judgment of conviction specifically states that Bell and the district attorney appeared before the court and that Bell was 'duly advised of all his legal and constitutional rights in the premises,' and was 'further advised of the consequences of such a plea.'" *Bell*, 207 So. 3d at 708-09 (¶12). Additionally, as the circuit court noted in its order dismissing the PCR motion, "At the court reporter's death, any claim by [Bell] for post-conviction relief was already barred by the statute of limitations. Therefore, the death of the court reporter and the whereabouts of the documents mention by [Bell] can in no way revive his untimely claim."

¶11. Accordingly, we affirm the circuit court's dismissal of Bell's PCR motion as time-barred, as he has not shown an exception to the procedural bar. Alternatively, we find no merit to the issues raised by Bell.

¶12. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**