## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00592-COA

SYLVESTER BELL A/K/A BELL SYLVESTER          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2020 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SYLVESTER BELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/26/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WILSON, P.J., FOR THE COURT:

¶1. This appeal involves Sylvester Bell's fourth motion for post-conviction relief (PCR) following his 2007 guilty plea to the charge of statutory rape. The circuit court properly dismissed Bell's motion as an impermissible successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Bell's motion is also barred by the statute of limitations, Miss. Code Ann. § 99-39-5(2) (Rev. 2020), and without merit. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. In 2004, a Tunica County grand jury indicted Bell on the charge of statutory rape. In 2007, Bell pled guilty to the charge, and the circuit court sentenced him to serve thirty years in the custody of the Department of Corrections as a habitual offender.

¶3.     In 2009, Bell filed his first PCR motion, alleging that his indictment was defective and was improperly amended to charge him as a habitual offender. The circuit court denied the motion, and Bell appealed. On appeal, Bell failed to argue the issues that he raised in his PCR motion. *Bell v. State*, 105 So. 3d 401, 402-03 (¶4) (Miss. Ct. App. 2012) ("*Bell I*"). Instead, he only argued that the circuit court failed to provide him with a copy of the transcript of his plea hearing and failed to include the same in the record on appeal. *Id.* at 403 (¶¶4, 8). We held that Bell's argument was procedurally barred because he failed to request a copy of the transcript in the circuit court. *Id.* at 403-04 (¶¶8-10). Therefore, we affirmed the denial of Bell's first PCR motion.

¶4.     Although it was not discussed in this Court's opinion in *Bell I*, we now note that this Court had previously entered an order directing the circuit court to supplement the record with Bell's petition to plead guilty and the transcript of his plea hearing. *Bell v. State*, No. 2011-CP-00214-COA (Miss. Ct. App. Apr. 18, 2012). The circuit court complied with this Court's order, and Bell's plea petition and the transcript of his plea hearing were added to the record on appeal in *Bell I*.

¶5.     In 2013, Bell filed his second PCR motion, alleging that his indictment was defective and was improperly amended to charge him as a habitual offender, that his guilty plea was not knowingly and intelligently given, and that his lawyer provided ineffective assistance. The circuit court dismissed Bell's motion as an impermissible successive motion, and this Court affirmed. We also found that Bell's motion was barred by the statute of limitations and that his claims were all without merit. *Bell v. State*, 207 So. 3d 705, 707-10 (¶¶5-23) (Miss.

Ct. App. 2016) ("*Bell II*"), *cert. denied*, 207 So. 3d 1238 (Miss. 2017).

¶6.     While *Bell II* was pending before this Court, the circuit court erroneously advised this Court that there was no transcript of Bell's plea hearing because the court reporter at the hearing had passed away, and the circuit court could not locate notes or recordings from which a transcript could be made. *Id.* at 707 n.3 & 708 (¶12). In fact, as noted above, a transcript of the plea hearing had been made and included in the record on appeal in *Bell I*. However, this Court's opinion in *Bell II* repeated the circuit court's mistaken representation that there was no transcript. *Bell II*, 207 So. 3d at 707 n.3 & 708 (¶12).

¶7.     In 2018, Bell filed his third PCR motion, alleging that his plea and conviction should be set aside because he did not sign his plea petition[1] and because there was no transcript of his plea hearing. The circuit court dismissed Bell's motion as barred by the statute of limitations, and this Court affirmed. *Bell v. State*, 294 So. 3d 667, 669-70 (¶¶4-5, 9-11) (Miss. Ct. App. 2020) ("*Bell III*"). Our opinion in *Bell III* reiterated the mistaken statement that no transcript of Bell's plea hearing was available due to the death of the court reporter. *Id.* at 669 (¶3) (citing *Bell II*, 207 So. 3d at 707 n.3).

¶8.     In 2019, Bell filed his fourth PCR motion, which is the subject of this appeal. Bell alleged that his attorney provided ineffective assistance by failing to inform him of the elements of and possible defenses to the charge of statutory rape; by misinforming him about how much time he would receive and his eligibility for parole; and by failing to investigate the circumstances surrounding his arrest and detention. Bell also alleged that the State

---

[1] Bell apparently was alleging that the signatures on his plea petition were forged.

3

collected a rape kit during its investigation of the crime and that "[b]iological evidence from this Rape kit was sent to the Crime Lab," but "the State never specific [sic] the DNA to be tested." Bell argued that his fourth PCR motion survived the statute of limitations and successive-motions bar because he was requesting DNA testing of biological evidence.[2] The circuit court dismissed Bell's motion based on the successive-motions bar and the statute of limitations, and Bell appealed.

## ANALYSIS

¶9. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion following a guilty plea must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2). The UPCCRA also provides that any order dismissing or denying a PCR motion "shall be a bar to a second or successive [PCR] motion." *Id.* § 99-39-23(6). Bell filed his present motion more than twelve years after his conviction, and he has filed three prior motions that have all been dismissed or denied on the merits. Therefore, Bell's claims fail as a matter of law unless he can show that they are excepted from both the statute of limitations and the successive-motions bar. Bell bears the burden of proving that recognized exceptions to the statutory bars apply. *See, e.g.*, *Badger v. State*, 290 So. 3d 377, 384 (¶29) (Miss. Ct. App. 2020).

¶10. Bell argues that his request for DNA testing is excepted from both statutory bars. The statute of limitations provides an exception for

---

[2] In his present PCR motion, Bell "denies any sexual relation or sexual contact with the victim." However, Bell's guilty plea was not a "best interest" plea, and at his plea hearing, he expressly admitted that he committed the crime charged in the indictment. He further stated, "I'm sorry this happened. I'm sorry for my family and everybody I hurt."

those cases in which the petitioner can demonstrate . . . [t]hat there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

Miss. Code Ann. § 99-39-5(2)(a)(ii). The successive-motions bar provides an exception for "those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology." *Id.* § 99-39-23(6).

¶11. Bell's claim is not excepted from the statute of limitations because he cannot meet his threshold burden of demonstrating that there now "exists biological evidence" that could be tested. *Id.* § 99-39-5(2)(a)(ii). Bell merely asserts, without any other support in the record, that a rape kit was collected by the State during its investigation in 2004. More important, Bell has produced no evidence that such evidence exists today. In 2009, the Legislature enacted a law requiring the preservation of certain biological evidence, but that was two years after Bell pled guilty. *See Lofton v. State*, 313 So. 3d 528, 532 (¶14) (Miss. Ct. App. 2021) (discussing Mississippi Code Annotated section 99-49-1 (Supp. 2009)). Therefore, that statute did not require the State to preserve any evidence it might have collected in Bell's case. *Id.* The statute does provide that "[u]pon written request by the defendant, the [S]tate shall prepare an inventory of biological evidence that has been preserved in connection with the defendant's criminal case." Miss. Code Ann. § 99-49-1(3)(e) (Rev. 2020). However,

5

Bell has not shown that he ever utilized this available procedure. Because Bell cannot meet his threshold burden of demonstrating that there now "exists biological evidence" from his case that could be tested, his claim is barred by the statute of limitations. *Lofton*, 313 So. 3d at 532 (¶14) (holding that a PCR claim was barred by the statute of limitations because the petitioner failed to show that any biological evidence was preserved).

¶12. Bell also argues that his sentence is "illegal" because there is no transcript of his plea and sentencing hearing. *See Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012) (stating that claims alleging violations of certain "fundamental" constitutional rights, including a claim alleging an "illegal sentence," are excepted from the UPCCRA's statute of limitations and successive-motions bar), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016). However, as noted above, there is a transcript of Bell's plea hearing and sentencing. Accordingly, this argument is also without merit.

¶13. Finally, our Supreme Court has stated that in "extraordinary circumstances" a claim alleging ineffective assistance of counsel may be excepted from the UPCCRA's statute of limitations and successive-motions bar. *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020) (citing *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015)), *cert. denied*, 308 So. 3d 440 (Miss. 2020). Here, however, Bell fails to show "any 'extraordinary circumstance' that would explain his failure to assert his [ineffective-assistance] claims within the statutory three-year time limitation" or in his prior PCR motions. *Id.* at 779 (¶9).[3] Accordingly, Bell's ineffective-assistance claim is also barred by the statute of limitations

---

[3] Moreover, Bell made a virtually identical ineffective-assistance claim in *Bell II*, and this Court rejected that claim as without merit. *Bell II*, 207 So. 3d at 710 (¶22).

6

and the successive-motions bar.

¶14.    For all of the foregoing reasons, the circuit court properly dismissed Bell's fourth PCR motion.

¶15.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**