## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01141-COA

**SYLVESTER BELL A/K/A BELL SYLVESTER**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT:  10/10/2022
TRIAL JUDGE:  HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:  TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:  SYLVESTER BELL (PRO SE)
ATTORNEY FOR APPELLEE:  OFFICE OF THE ATTORNEY GENERAL
BY:  ASHLEY LAUREN SULSER
NATURE OF THE CASE:  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:  AFFIRMED - 06/27/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     This is Sylvester Bell's fifth appeal stemming from a denial for post-conviction relief "following his 2007 guilty plea to the charge of statutory rape." *Bell v. State*, 337 So. 3d 677, 678 (¶1) (Miss. Ct. App. 2021).

¶2.     Beginning in 2009, the petitioner has variously argued "that his indictment was defective and was improperly amended to charge him as a habitual offender," "that his guilty plea was not knowingly and intelligently given," "that his lawyer provided ineffective assistance," "that his plea and conviction should be set aside because he did not sign his plea petition and because there was no transcript of his plea hearing," most recently that his defense attorney "misinform[ed] him about how much time he would receive and his

eligibility for parole" plus "fail[ed] to investigate the circumstances surrounding his arrest and detention," and that there was DNA yet to be tested. *Id*. at 678-79 (¶¶3-8). Since 2016, we have held that Bell's claims were both successive and time-barred. *Id*. at 678 (¶5).

¶3. Within a week of the denial of rehearing in his fourth PCR appeal, Bell filed a new petition. As he did in prior proceedings, he alleged he was entitled access to certain transcripts and DNA testing. The trial court held the petition was successive and dismissed his claims.[1] His appeal was assigned to us for review.

¶4. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020). In the case of a guilty plea, PCR claims must be made "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). PCR claims are time-barred if they are filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615 (¶¶7-8) (Miss. 2023). These include "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence;" new evidence that was "not reasonably discoverable at the time of trial;" "biological evidence not tested" or

---

[1] The trial court held it "dismissed as successive" Bell's claims, rather than denied them, determining the merits did not need to be reached. This is the correct terminology and application of the law. "In a 'dismissal,' the court finally disposes of an action, suit, motion, etc. without reaching the merits and without trial of the issues involved." *Hull v. State*, 356 So. 3d 169, 171 n.1 (Miss. Ct. App. 2023). In contrast, when a circuit court reviews and then rejects the merits of a PCR petition, it denies (rather than dismisses) the claims. *Id*.

subject to new "DNA testing" that would have impacted the conviction or sentence; or when a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶5. Bell's claims were filed well beyond the three-year window after his 2007 guilty plea. They also are not subject to any of the statutory exceptions. As we have previously held in one of his appeals, "Bell must *prove* an exception applies." *Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016) (emphasis added). In the trial court below, and on appeal, he only asserts that a DNA test was conducted. But as we held in 2021, "Bell has produced no evidence that such evidence exists today," *Bell*, 337 So. 3d at 680 (¶11), or that if the biological or DNA evidence did exist, it would meet the criteria of the statutory exception that it "would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution." Miss. Code Ann. § 99-39-5(2)(a)(ii). Furthermore, as our decision in Bell's fourth PCR explained, in open court the petitioner "expressly admitted that he committed the crime charged in the indictment," stating, "I'm sorry this happened. I'm sorry for my family and everybody I hurt." *Bell*, 337 So. 3d at 679 n.2.

¶6. Because Bell has not proved that a statutory exception applies to his claims, and they are well beyond the three-year statute of limitations, the trial court properly dismissed his fifth PCR petition, as it is both time-barred and successive.

¶7. **AFFIRMED.**

3

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**