# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00527-COA

**DEXTER GILMORE A/K/A DEXTER MAURICE GILMORE**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2023 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEXTER GILMORE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/06/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In 2016, Dexter Gilmore was indicted on one count of burglary of a dwelling (with the intent to commit assault), one count of aggravated assault, and one count of kidnapping. He plead guilty, and Gilmore was sentenced to serve twenty-five years for burglary and twenty years for aggravated assault, for a total of forty-five years in custody with the terms set to run consecutively.  The charge of kidnapping was nolle prosequied.

¶2.     Six years later, Gilmore filed a petition for post-conviction relief.  The circuit court dismissed the petition as untimely and not subject to any exceptions to the statutory time-bar.

¶3.     On appeal, Gilmore raises four issues: defective indictment; involuntary plea; ineffective assistance of counsel; and improper considerations during sentencing.

¶4.     "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020).  In the case of a guilty plea, PCR claims must be made "within three (3) years after entry of the judgment of conviction."  Miss. Code Ann. § 99-39-5(2) (Rev. 2020).  The Mississippi Supreme Court has held that a PCR claim is time-barred if the petition is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions.  *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023).

¶5.     These express statutory exceptions include "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence"; new evidence that was "not reasonably discoverable at the time of trial"; if "there exists biological evidence not tested" or subject to new "DNA testing" that would have impacted the conviction or sentence; or where a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked."  Miss. Code Ann. §  99-39-5(2)(a)-(b).

¶6.     Gilmore's claims were filed one year beyond the three-year window after his 2018 guilty plea.  They are not subject to any of the exceptions.  As we have previously held in another PCR case, a petitioner "must *prove* an exception applies."  *Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016) (emphasis added).  Because Gilmore has not proved that a statutory exception applies to his claims and because they were filed after the running of

the three-year statute of limitations, the trial court properly dismissed his PCR motion as time-barred.

¶7.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**