# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01093-COA

CUTRELL S. VARNADO A/K/A CUTRELL SMITH VARNADO A/K/A CUTRELL S. VARNADO                                    APPELLANT

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/02/2024 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CURTRELL VARNADO (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/24/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1.    In 2024, the Circuit Court of Simpson County denied Cutrell Varnado's second motion for post-conviction collateral relief (PCR). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2016, Varnado entered a plea of guilty to first-degree murder in the Circuit Court of Simpson County. Varnado was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) and advised that he would not be eligible for parole or early release until he attained the age of sixty-five. In September 2018, Varnado filed his first pro se PCR motion, claiming that his guilty plea was involuntary, that he

received ineffective assistance of counsel, and that his conviction and sentence were the result of prosecutorial misconduct. He also claimed that he had been misinformed about his eligibility for parole. However, the circuit court found that Varnado "knowingly, intelligently, understandingly, freely, and voluntarily entered a guilty plea to the charge of first-degree murder." Additionally, the court reasoned that Varnado had not been misinformed about his eligibility for parole. The circuit court thus denied Varnado's PCR motion. This Court affirmed the circuit court's order in June 2023.[1]

¶3.     In 2024, Varnado filed a second PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020).[2] In his second PCR motion, Varnado again argued that his plea was involuntary, that he received ineffective assistance of counsel, and that he was misled about his parole eligibility. However, the circuit court denied the relief requested. In the order denying Varnado's second PCR motion, the court noted that "the record indicates that [Varnado] was not displeased with his counsel's performance, nor was [Varnado] threatened or forced to enter a guilty plea." The court also found that Varnado was orally interrogated by the court at the plea hearing and concluded that Varnado was "thoroughly informed as to the nature and consequences of his guilty plea." The order denying Varnado's second PCR motion was entered on April 2, 2024, and he filed the instant appeal on

---

[1] *Varnado v. State*, 362 So. 3d 127 (Miss. Ct. App. 2023).

[2] Although Varnado entitled his motion as a "Motion to vacate, set aside, and resentence," the circuit court properly treated it as a PCR motion.

September 13, 2024.[3]

¶4.    On appeal, Varnado repeats the arguments he previously made in his PCR motions. Specifically, he claims that his due process rights were violated, his guilty plea was involuntary, and that his sentence is illegal. However, we find Varnado's claims are time-barred, successive, and not subject to any statutory exceptions.

## ANALYSIS

¶5.    We begin by noting that "[w]e review a circuit court's dismissal or denial of a PCR motion for abuse of discretion and decline to reverse unless the circuit court's decision is clearly erroneous." *Hamilton v. State*, 367 So. 3d 1039, 1041 (¶5) (Miss. Ct. App. 2023) (quotation marks omitted). However, "[w]e review questions of law de novo." *Id.*

¶6.    Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), "a PCR motion must be filed within three years of the judgment of conviction following a guilty plea." *Id*. at 1041-42 (¶6) (citing Miss. Code Ann.§ 99-39-5(2) (Rev. 2020)). In *Howell v. State*, 358 So. 3d 613, 615 (¶¶8-9) (Miss. Ct. App. 2023), this Court held that the three-year statute of limitations was "inflexible."

---

[3] Although Varnado's notice of appeal was filed beyond the thirty-day limit provided in Rule 4 of the Mississippi Rules of Appellate Procedure, "this Court has the ability to suspend the requirements of appellate rules in the interest of justice." *Agee v. State*, 374 So. 3d 629, 631 (¶9) (Miss. Ct. App. 2023); M.R.A.P. 2(c). We also note that the circuit court's docket contains a note from the clerk on June 6, 2024, indicating that Varnado did not receive the circuit court's April 2 order and that the clerk was sending him another copy of the order. Varnado's notice of appeal is still untimely but not as significantly as it seems at first blush.

¶7. Additionally, "any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion." *Bradley v. State*, 395 So. 3d 1015, 1019 (¶12) (Miss. Ct. App. 2024). Stated differently, any order that "grants relief, denies relief, or dismisses a PCR motion bars any second or successive motion." *Hamilton*, 367 So. 3d at 1042 (¶7) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2020)).

¶8. For a claim to survive the UPCCRA's three-year time-bar and successive-motions bar, the petitioner must demonstrate that a statutory exception to the UPCCRA applies. There are five exceptions to the bars listed in the statute, yet Varnado fails to argue that any are applicable.[4] *See Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016).

¶9. Varnado's second PCR motion, the subject of this appeal, was filed outside the three-year statute of limitations. The circuit court accepted Varnado's guilty plea in 2016, but Varnado filed the PCR motion at issue in this case in 2024, well past the expiration of the three-year statute of limitations. As previously stated, "a PCR motion must be filed within three years of the judgment of conviction following a guilty plea." *Hamilton*, 367 So. 3d at 1041 (¶6) (citing Miss. Code Ann. § 99-39-5(2)). Since Varnado's second PCR motion was not filed within three years of the judgment of conviction, it was time-barred, and the circuit court made no reversible error by denying relief. *See* Miss. Code Ann. § 99-39-5(2).

¶10. Moreover, Varnado's 2024 PCR motion was barred as successive. Varnado filed his first PCR motion in 2018, but the court concluded that his claims "lacked merit" and denied

---

[4] *See* Miss. Code Ann. § 99-39-5(2)(a)-(b).

his PCR motion. Varnado then filed his second PCR motion in 2024, which was barred based on the first PCR's denial. As explained *supra*, "any order denying . . . a PCR motion is a bar to a second or successive PCR motion." *Bradley*, 395 So. 3d at 1019 (¶12). Since there was already an order denying Varnado's PCR motion, his 2024 PCR motion was barred as successive. *See* Miss. Code Ann. § 99-39-23(6).

## CONCLUSION

¶11.    In accordance with the UPCCRA, Varnado's second PCR motion was both time-barred and successive. Therefore, we affirm the circuit court's order denying his PCR motion.

¶12.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**