# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00428-COA

**ROMAIRE BROWN A/K/A ROMAIRIE BROWN**                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:              03/19/2025
TRIAL JUDGE:                          HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:    WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JERRY CAMPBELL
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED - 05/19/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In January 2014, Romaire Brown was indicted for the murder of Ke'Marvin Stamps during a drive-by shooting. A minor at the time, Brown ultimately pled guilty to the lesser included offense of second-degree murder. Prior to accepting his plea, the Court conducted a hearing to ensure the plea was voluntary. The trial transcript shows that Brown repeatedly answered "Yes, sir" when asked whether he wanted to plead guilty to the crime, and "Yes, sir" when asked if he did "in fact, commit the crime that the State has described."

¶2.     After finding Brown's plea was voluntarily, knowingly, and intelligently made, the trial court sentenced him to serve twenty-five years in the custody of the Mississippi Department of Corrections, with a credit for time served and a suspended fine.

¶3. In February 2025, through counsel, Brown filed what was styled as a "Petition for Writ of Habeas Corpus." In this pleading, he argued that while he pled "guilty to second degree murder . . . At no time was he informed, even though a minor, that the conviction for this crime has no eligibility for parole," and that the trial court did not follow *Miller v. Alabama*, 567 U.S. 460 (2012). The core theory was that Brown's plea was not "voluntary and knowing[.]"

¶4. The trial court found that despite the style of the relief sought, it was actually a petition for post-conviction relief, since the PCR Act addresses how a petitioner seeks relief when one argues "[t]hat his plea was made involuntarily[.]" Miss. Code Ann. § 99-39-5(1)(g) (Rev. 2020); *see Pickle v. State*, 351 So. 3d 464, 466 (¶4) (Miss. Ct. App. 2022) ("[i]t is well established that 'a pleading cognizable under the Uniform Post-Conviction Collateral Relief Act . . . will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading'"). The trial court found the PCR time-barred and dismissed. Brown timely appealed, and the matter was deflected to us for review.

¶5. "When reviewing a circuit court's decision to deny a PCR motion, this Court will not disturb the circuit court's factual findings unless they are found to be clearly erroneous," and "[w]hen issues of law are raised, we apply a de novo review." *Pinkton v. State*, 408 So. 3d 657, 659 (¶5) (Miss. Ct. App. 2025).

¶6. The Legislature has decreed that any PCR claim shall be made, "in [the] case of a

2

guilty plea, within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2). "Notably, all post-conviction claims are time-barred if they are filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions." *Everett v. State*, 422 So. 3d 505, 507 (¶7) (Miss. Ct. App. 2025) (quotation mark omitted).

¶7. As provided in the statute, express exceptions include:

> "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence"; new evidence that was "not reasonably discoverable at the time of trial"; if "there exists biological evidence not tested" or subject to new "DNA testing" that would have impacted the conviction or sentence; or where a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked."

*Gilmore v. State*, 379 So. 3d 945, 946 (¶5) (Miss. Ct. App. 2024) (quoting Miss. Code Ann. § 99-39-5(2)(a)-(b)).

¶8. As the trial court correctly concluded, Brown sought PCR relief from his guilty plea over eight years after the three year time period for relief had run, roughly eleven total years after his 2014 guilty plea. Brown did not argue a statutory exception applies to salvage his claim, and did not "*prove* an exception applies" as is required by our precedent. *See id.* at (¶6) (emphasis in original) (quoting *Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016)).

¶9. Because Brown's PCR petition was untimely, we find it time-barred. Accordingly, we affirm the trial court's dismissal of the petition.

3

¶10.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**